UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-173-GFVT

DAVID A. JOHNSON                                                                                         PLAINTIFF

VS:                                **MEMORANDUM OPINION AND ORDER**

PAT TOWNSEND, ET AL.                                                                                     DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

David A. Johnson ("Johnson") has submitted a *pro se* civil rights complaint under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Dkt. 3] together with a motion for leave to proceed *in forma pauperis* and a sworn statement of his institutional account balances for the last six months. [Dkt. 2] The Court has granted Johnson's motion to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Johnson is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

I.     BACKGROUND

On June 14, 2002, Johnson pled guilty to two counts of brandishing a firearm during a crime of violence, a bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and was sentenced to a combined term of 646 months of incarceration to be followed by a five-year term of supervised release. The Fifth Circuit Court of Appeals affirmed that conviction on direct appeal on April 7, 2003, and the trial court denied Johnson's subsequent motions to vacate his conviction. *United States v. Johnson*, 01-CR-185, Northern District of Texas [Dkt. 39, 74, 90, 103, 127 therein]

After his conviction, Johnson was incarcerated at the United States Penitentiary-Pollock in Pollock, Louisiana ("U.S.P.-Pollock"). Johnson alleges that on October 15, 2005, he informed Pat Townsend, a Special Investigations Agent for the Bureau of Prisons ("BOP"), that BOP officer Hyatt was bringing drugs into the prison for two prominent gangs. Johnson states that in exchange for his assistance and cooperation in catching the officer, Lori Gray of the BOP promised Johnson (1) a one-third (⅓) reduction in his sentence pursuant to a Rule 35 motion and (2) transfer to a lower security Federal Correctional Institution ("FCI") or a state prison in Texas where members of these gangs would not be present. Johnson alleges that Hyatt was arrested on February 15, 2006 after he purchased drugs from an undercover federal officer.

Johnson alleges that after his cooperation with the BOP investigation was complete, he was transferred to U.S.P. Big Sandy on March 20, 2006, where he was placed in the Segregation Housing Unit ("SHU") and where he apparently remains to date. Johnson alleges that in May 2006 a transfer request was submitted to appropriate BOP officials, but BOP staff failed to properly provide supporting documentation or followup on the request, and consequently no

action was taken.

After six months had passed, Johnson alleges that he filed a grievance with the warden regarding his placement by filing a Form BP-229 in October 2006, but received no response. Johnson alleges that he filed another BP-229 in December 2006, and again received no response. When he filed a Form BP-230 with the Regional Office in December 2006, the Regional Office rejected the appeal because Johnson had not first filed a BP-229 with the warden. Johnson has not provided the Court with copies of any documents evidencing these grievances. He has provided copies of a March 6, 2007 notice from the Regional Office rejecting his Form BP-230 on the ground that he had filed no Form BP-229 with the warden, and a similar notice from the National Office dated June 1, 2007 rejecting his Form BP-231 on the same ground.

In his Complaint, Johnson alleges that to date he has not received either a sentence reduction or a transfer to another facility, notwithstanding the apprehension and subsequent conviction of officer Hyatt. The docket in his criminal case does not indicate a Rule 35 motion has been filed. Johnson alleges that the defendants, the individuals who promised him these benefits or were responsible for processing his transfer requests, have violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

**II.    DISCUSSION**

A prisoner seeking to challenge prison conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). The prisoner bears the burden of demonstrating that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th

Cir. 1998). To meet this burden the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

    At the outset, the Court notes that Johnson asserts two distinct claims in this proceeding, the first arising out of the failure of BOP officials to file a Rule 35 motion in the trial court to reduce his sentence, and the second arising out of their failure to transfer him to a FCI or state prison. Section 1997e's exhaustion requirement must be met with respect to each issue that is asserted by a prisoner. While Johnson asserts that he attempted to exhaust his claim with respect to his prison placement, he makes no such allegation with respect to his Rule 35 motion claim. Having failed to invoke, let alone exhaust, the BOP grievance procedure with respect to this issue, at a minimum the Court would be compelled to dismiss that claim without prejudice. *Colon v. Harvey*, 344 F.Supp.2d 896, 898 (W.D.N.Y. 2004).

    However, 28 C.F.R. § 542.14(a) requires a prisoner in BOP custody to file a Form BP-229 within 20 days after the events which give rise to the grievance. While it is difficult to establish a firm date for such an "event" when the conduct complained of is the BOP's inaction rather than action, it is clear that by October 2006, when Johnson filed his first grievance regarding his prison placement, the BOP's inaction was sufficiently established to give rise to an obligation on Johnson's part to file a grievance with respect to the Rule 35 motion. The Supreme Court has held that in order to satisfy the requirement that administrative remedies be exhausted

prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387-88 (2006). Because Johnson did not file a grievance with the warden within 20 days after the need to do so became manifest, he did not, and now cannot, timely comply with the BOP's timing requirements for exhaustion. That failure requires dismissal of this claim with prejudice. *Id*. at 2387.

With respect to the prison placement issue, Johnson has not provided the Court with copies of any of his grievances or the BOP's responses thereto, save for two rejection notices for failure to follow the BOP grievance process by initiating the grievance process by filing a Form BP-229. Johnson's own recitation of events makes clear that in 2006 he failed to follow the BOP's procedures for filing a grievance and pursuing any appeals. When a Form BP-229 is filed with the warden's office, the warden has twenty days to respond. 28 C.F.R. § 542.18. While the warden may grant herself an additional twenty days to respond to the grievance if needed, if she does not respond within that time frame, the prisoner may consider the absence of a response to be a denial at that level and proceed to appeal to the next level. 28 C.F.R. § 542.18. Johnson did not file an appeal after the warden failed to provide a timely response to either of his October 2006 or December 2006 grievances. Having failed to timely follow the BOP's guidelines for pursuing an appeal, Johnson has failed to properly exhaust his claims, and is therefore barred from pursuing them here. *Woodford*, 126 S.Ct. at 2387.

Even if Johnson had properly exhausted his claims or was otherwise excused from doing so, his claims would fail as a matter of law. With respect to Johnson's extended segregation in the SHU or his placement in a U.S.P. instead of a F.C.I., it is well established that prisoners have no constitutional right under the Fourteenth Amendment's Due Process Clause to a particular

security classification while incarcerated. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Marchesani v. McCune*, 531 F.2d 459, 463 (10th Cir. 1976). "As long as the [challenged] conditions or degree of confinement is within the sentence imposed . . . and is not otherwise violative of the Constitution," the Constitution does not confer any right to receiving or retaining any particular security status upon an inmate. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Because housing assignments and classification decisions (such as extended placement in disciplinary segregation and transfers to higher security prisons) are no more than the "ordinary incidents of prison life," a prisoner does not state a constitutional claim based upon such decisions. *Sandin v. Conner*, 515 U.S. 472 (1995); *Merchant v. Hawk-Sawyer*, 2002 WL 927026, *2 (6th Cir. 2002) (unpublished disposition) (Merchant's maximum security classification, 21-month confinement in the special housing unit and transfer to a more secure facility were simply the "ordinary incidents of prison life," and did not implicate a protected liberty interest).

Johnson's Rule 35 claim would also fail. The sole defendant with any factual connection to this claim is Defendant Townsend, a BOP officer at U.S.P.-Pollock in Louisiana. Because the events giving rise to this claim occurred in Louisiana and Defendant Townsend apparently resides in that state, this Court lacks personal jurisdiction over that defendant. In addition, to the extent Johnson seeks what is in effect enforcement of a promise by BOP officials to seek an earlier release, such a claim may proceed exclusively through a petition for habeas corpus. *Russell v. Gilless*, 870 F. Supp. 204 (W.D. Tenn. 1994).

Fundamentally, if the relief Johnson seeks is the enforcement of his agreement with the BOP for a Rule 35 motion to reduce sentence and placement in a lower security facility, the most

appropriate avenue for relief may be to seek enforcement of this agreement by filing a motion in the trial court in Texas.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. This action is **DISMISSED**, *sua sponte*, with prejudice.

2. This is a **FINAL** and **APPEALABLE** order.

This the 20th day of August, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge